872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Garrett WILLIAMS, et al., Plaintiffs-Appellants,
v.
CITY OF COLUMBUS, OHIO, et al., Defendants-Appellees.
 Nos. 88-3524, 88-3751.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1989.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, proprietors of adult movie theatres and viewing booths in Columbus, Ohio,[1] sued to set aside a Columbus ordinance (City Code Sec. 559.18(1)), which precludes enclosed viewing areas or booths for certain described sexually explicit films and performances, based on claimed unconstitutional infringement upon their rights. The ordinance[2] was enacted in October of 1987 after a report from a special City commission on health and other problems related to exhibiting such films and materials in enclosed booth areas such as operated by plaintiffs and frequented by their customers.
 
 
 2
 Plaintiffs sought preliminary injunctive relief from enforcement of Sec. 559.18 which, after an opportunity for proof and a hearing, was denied by the district judge. The effective date of the ordinance had also been delayed by a ninety day grace period due to objections by plaintiffs that they would need time to comply.
 
 
 3
 Judge John D. Holschuh, in a thorough 24-page memorandum and order considered the contentions of the parties, the proof submitted, and the issues presented in the plaintiffs' motion for injunctive relief. Generally, for the reasons stated by the district judge, we affirm his action as not an abuse of discretion.
 
 
 4
 The burden is cast upon plaintiffs, in the posture of this appeal, to show that Judge Holschuh abused his discretion or acted contrary to law or the Constitution in holding that plaintiffs in this case had failed to meet the four familiar standards set out in our often-cited decision, Mason County Medical Association v. Kuehel, 563 F.2d 256, 261 (6th Cir.1977). We hold that the district court did not commit error in its decision that plaintiffs failed particularly in respect to showing a "strong or substantial likelihood or probability of success on the merits." By emphasizing this particular test, we do not indicate that plaintiffs met any of the other Mason County Medical Association standards. We decline plaintiffs' invitation to amend these standards by adding, or substituting, a "fair ground of litigation" test.
 
 
 5
 Plaintiffs concede that every other circuit that has addressed this type of "open booth" ordinance, as well as a number of district courts, have declined to set aside these ordinances as unconstitutional. See Berg v. Health & Hospital Corp. of Marion County, Indiana, 865 F.2d 797 (7th Cir.1989), aff'g, 667 F.Supp. 639 (S.D.Ind.1987); FW/PGS, Inc. v. City of Dallas, 837 F.2d 1298 (5th Cir.1988), cert. granted, 103 L.Ed.2d 578 (1989); Wall Distributors, Inc. v. City of Newport News, 782 F.2d 1165, 1168 (4th Cir.1986); Ellwest Stereo Theaters, Inc. v. Wenner, 681 F.2d 1243 (9th Cir.1982); Suburban Video, Inc. v. City of Delafield, 694 F.Supp. 585 (E.D.Wis.1988); Doe v. City of Minneapolis, 693 F.Supp. 774 (D.Minn.1988); Broadway Books, Inc. v. Roberts, 642 F.Supp. 486 (E.D.Tenn.1986).
 
 
 6
 The City of Columbus is prohibited by neither the first amendment nor the fourteenth amendment from classifying and regulating "adult-oriented" and "sexually explicit" commercial operations in a manner different from other places of entertainment or businesses. See Young v. American Mini Theatres, 427 U.S. 50, 62 (1976).
 
 
 7
 Accordingly, we AFFIRM the decision of the district court.
 
 
 
 [1]
 Plaintiffs are operators of adult film movies. One or more of them asserted that they were customers of motion picture viewing booths operated by other plaintiffs
 
 
 [2]
 The ordinance provides:
 
 
 [559]
 18 Film or video viewing device specifications and requirements
 Any amusement arcade containing film or video viewing devices shall comply with the requirements herein if the material exhibited by the devices depicts any of the following elements:
 (a) Vaginal or anal intercourse between persons, regardlless of sex.
 (b) Sexual contact between humans and animals.
 (c) Masturbation, whether of another or one's self.
 (d) Oral sex, real or simulated.
 (e) Graphic depiction of human excretory functions.
 (1) Viewing areas for all film or video devices must be visible from a continuous main aisle and must not be obscured by any curtain, door or other enclosure.
 (2) All side or rear walls of a viewing area for a film or video viewing device must be without holes or openings.
 Whoever violates or fails to comply with Columbus City Code 559.18 shall be deemed guilty of a misdemeanor of the first degree.
 (Emphasis added).